UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YVETTE VOZZO,

        Plaintiff,

-against-

THE WAY INTERNATIONAL, et al.,

        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 05/31/2022

20-CV-8026 (AT) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    The Court has received and reviewed the parties' joint letter-motion dated May 26, 2022 (Joint Ltr.) (Dkt. No. 64), in which they ask the Court to (i) excuse the personal attendance of defendants' lead counsel Michael Appelbaum at the conference scheduled for June 14, 2022, to avoid the "added travel expense" from Buffalo, New York; (ii) reopen fact discovery, which closed on April 29, 2022 (*see* Dkt. No. 57), to permit the parties to take the depositions of defaulted defendant Michael Manetta, who has now been "located," as well as unidentified "additional nonparty witnesses" and "plaintiff's parents and other family members"; and (iii) grant the parties "30-45 days to explore settlement" before resuming discovery or, in the alternative, extend the fact discovery deadline to September 30, 2022 (four months from now) "in order to complete the handful of depositions remaining."

    The Court is reluctant to reject a proposed pretrial schedule as too slow where, as here, the case is "moving at a satisfactory speed" for the parties and their counsel, *see* Joint Ltr. at 1, and the parties assert that they are engaged in serious settlement negotiations. *Id.* On the other hand, the Court has an institutional interest in preventing cases from languishing on the docket. *See* Fed. R. Civ. P. 1 (civil rules should be administered to secure the "just, *speedy*, and inexpensive determination of every action and proceeding") (emphasis added). Speed is

particularly important where, as here, the claims arise out of decades-old events and the witnesses are not getting any younger.

Additionally, the Court is reluctant to look the other way where, as here, counseled parties seek relief in arrears after violating simple case management rules that have repeatedly been brought to their attention. My individual practices clearly state that "[r]equests for extension of a deadline must be made in advance of the deadline to be extended." Moses Ind. Prac. § 2(a). Paragraph 5 of my Order Regarding General Pretrial Management, dated August 19, 2021 (Dkt. No. 36), drew the parties' attention to that obligation. Thereafter, I extended the fact discovery deadline three times (from April 16, 2021 to October 29, 2021, then to December 31, 2021, then to April 29, 2022), in each instance at the parties' request, made before the deadline expired. (Dkt. Nos. 18, 38, 51, 57.) Most recently, on April 28, 2022 – the day before the current fact discovery deadline expired – I reminded the parties of that deadline, noting that they had not requested a further extension. (Dkt. No. 63.) No such extension request materialized. Consequently, it appeared to the Court that fact discovery was over and that expert discovery (due to be completed by October 31, 2022, see Dkt. No. 57) was ongoing.

Given this background, the parties' current assertion that it was their "understanding" that "additional time would be requested when witnesses were identified" is baffling. Joint Ltr. at 1. Moreover, while the recent identification and/or location of significant witnesses could be grounds for reopening a closed discovery period (assuming, among other things, that the parties exercised diligence in identifying and/or locating those witnesses), here the un-deposed witnesses include "plaintiff's parents and other family members," whose identities were presumably known throughout and whose depositions defendants "always" intended to take. Joint Ltr. at 1-2.

Balancing the interests in this action, the Court GRANTS the joint application IN PART, as follows:

1. The fact discovery deadline is EXTENDED to **August 15, 2022**. The parties should not assume that any further extensions of that deadline will be granted.

2. The deadline for plaintiff's disclosure of expert evidence, including the identities and written reports of experts, as required by Fed. R. Civ. P. 26(a)(2)(A), (B), or (C), is EXTENDED to **November 15, 2022**. Defendant's disclosure of expert evidence shall be made no later than **December 15, 2022**. Depositions of experts shall be completed no later than **January 31, 2023**.

3. All discovery shall be completed no later than **January 31, 2023**. The parties should not assume that any further extensions of that deadline will be granted.

4. Preconference letters with respect to summary judgment (or, if there are no summary judgment motions, the proposed joint pretrial order) remain due **30 days after the close of discovery**.

5. The conference now scheduled for June 14, 2022 is ADJOURNED to **August 23, 2022, at 10:00 a.m.**, in courtroom 20A of the Daniel Patrick Moynihan United States Courthouse. No later than **August 16, 2022**, the parties shall file a joint status letter, updating the Court on the progress of discovery and advising the Court as to whether a judicially-supervised settlement conference would be productive.

6. If the parties believe that a mediation reference or a judicially-supervised settlement conference would be productive prior to the close of the fact discovery period, they may so request, at any time, by letter-motion. The parties are advised, however, that the Courtly rarely stays or suspends discovery pending settlement negotiations.

7. Plaintiff shall promptly serve a copy of this Order on defaulted defendant Manetta and file proof of such service on the docket.

Dated: New York, New York  
May 31, 2022

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**