```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

YVETTE VOZZO,

        Plaintiff,

-against-

THE WAY INTERNATIONAL, et al.,

        Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/03/2023
```

20-CV-8026 (AT) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    Defendant Michael Anthony Farris-Manetta, sued herein as Michael Minnetta,[1] moves *pro se* for an order setting aside the certificate of default previously entered against him, permitting him to answer and defend, and correcting the case caption to reflect the correct spelling of his name. (Dkt. 87.) For the reasons discussed below, the motion will be granted.[2]

## Background

    Plaintiff Yvette Vozzo filed her Complaint against defendants The Way International (The Way) and Farris-Manetta in New York State Supreme Court on August 6, 2020, alleging that she was sexually abused by Farris-Manetta in the early 1980s, while plaintiff and her mother were enrolled in a Christian fellowship program operated by The Way and while Farris-Manetta was associated with The Way as a volunteer. (Dkt. 1-1.) On September 4, 2020, plaintiff served Farris-Manetta with process at his home address in Venice, California. (Dkt. 1-4 at ECF pp. 48-49.) On September 28, 2020, The Way removed the action, invoking this Court's diversity jurisdiction. (Dkt. 1.)

---

[1] For consistency's sake, this Order refers to the moving defendant as Farris-Manetta, although most of the docket entries, until recently, refer to him as Minnetta.

[2] "A motion to set aside an entry of default is subject to disposition by a magistrate judge under 28 U.S.C. § 636(b)(1)(A)." *Johnson v. New York Univ.*, 324 F.R.D. 65, 67 n.2 (S.D.N.Y. 2018) (quoting *Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 335 n.1 (S.D.N.Y. 2013)), *aff'd*, 800 F. App'x 18 (2d Cir. 2020); *accord Li v. Fleet New York Metro. Reg'l Center LLC*, 2022 WL 1666963, at *2 n.2 (E.D.N.Y. May 25, 2022) (collecting cases).

Farris-Manetta neither appeared nor answered and, on September 21, 2021, at plaintiff's request (Dkt. 47), the Clerk of Court issued a certificate of default as to him. (Dkt. 48.) On May 26, 2022, The Way advised the Court that it had located Farris-Manetta, and the parties jointly requested a stay to explore settlement. (Dkt. 64.) On May 31, 2022, the Court granted the application, in part, and extended discovery deadlines. (Dkt. 65.)

During a status conference on January 26, 2023, the parties advised the Court that they were diligently pursuing fact discovery (settlement negotiations having proven unsuccessful); that they were in contact with the defaulted defendant; and that he was willing to participate in the litigation and sit for a deposition. In an order issued that day (Dkt. 83), I again extended the discovery schedule, set a deadline of February 27, 2023, for the defaulted defendant to file an application to set aside the entry of default against him, and directed The Way to serve a copy of that order on the defaulted defendant (Dkt. 83), which it did. (Dkt. 86.) Farris-Manetta, appearing *pro se*, timely filed his motion to set aside the certificate of default on February 27, 2023. The motion is supported by an affidavit (Farris-Manetta Aff.) (Dkt. 87 at ECF pp. 2-5) attesting to the facts surrounding his failure to answer the Complaint.

On February 28, 2023, the Court directed plaintiff and The Way to notify the Court if they intended to oppose the motion to set aside the default. (Dkt. 88.) Neither party filed a response. The Court therefore considers the instant motion unopposed.

## Analysis

"[A]s a general rule a district court should grant a default judgment sparingly and grant leave to set aside the entry of default freely when the defaulting party is appearing pro se." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Where, as here, "a final default judgment has not yet been entered," a certificate of default may be set aside for good cause shown.

2

*Ramsaran v. Abraham*, 2017 WL 1194482, at *9 (S.D.N.Y. Mar. 30, 2017) (cleaned up). The Second Circuit has established a three-part test for determining whether there is good cause under this rule: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp.*, 10 F.3d at 96.

      Here, all three factors weigh in favor of vacatur. First, the Court does not find that Farris-Manetta's default was willful. He attests that he is severely dyslexic, has PTSD, and struggles with comprehending documents. Farris-Manetta Aff. ¶ 5. At the time that he was served with process in 2020, he had "just relocated from New York to California in order to be under [his] daughter's full-time care," was recovering from a severe illness, and was "in and out of lucidity." *Id.* ¶ 7. Moreover, he understood (erroneously) that the lawsuit was filed only against The Way, and "thought [he] was fulfilling [his] obligation to the court by speaking with the attorneys [representing the plaintiff]." *Id.* ¶¶ 4, 6. Second, I find that neither plaintiff nor The Way will be prejudiced by a vacatur of default (as evidenced by their lack of interest in opposing the motion). The discovery period has not yet closed (*see* Dkt. 83), and – at the time he filed his vacatur motion – Farris-Manetta was scheduled to provide deposition testimony on March 2, 2023. Farris-Manetta Aff. ¶ 8. Finally, Farris-Manetta has attested to facts which, if proven true at trial, could constitute a meritorious defense, namely, that his relationship with plaintiff was consensual and did not begin until after plaintiff turned 18. (*Id.* ¶¶ 11-12.) *See Weisel v. Pischel*, 197 F.R.D. 231, 239 (E.D.N.Y. 2000) ("Likelihood of success is not the measure. [Plaintiffs'] allegations are meritorious if they contain 'even a hint of a suggestion' which, if proven at trial, would constitute a complete defense.") (citation omitted); *accord Sea Hope Navigation Inc.*, 978 F. Supp. 2d at 339.

## **Conclusion**

The defaulted defendant's unopposed motion (Dkt. 87) is GRANTED. The certificate of default at Dkt. 48 is VACATED. Farris-Manetta shall file his answer or otherwise respond to the Complaint no later than **March 24, 2023**.

Defendant is hereby notified that *pro se* parties may file pleadings, letters, and other documents with the Court by using any of the following methods:

a. **Drop off** the documents in the drop box located in the lobby of the U.S. Courthouse at 500 Pearl Street, New York, NY, 10007.

b. **Mail** the documents to the Pro Se Intake Unit in Room 105 in the Thurgood Marshall Courthouse, 40 Foley Square, New York, NY 10007.

c. **Email** the documents to Temporary_Pro_Se_Filing@nysd.uscourts.gov. Instructions for filing documents by email may be found on the Court's website at nysd.uscourts.gov/forms/instructions-filing-documents-email.

The Pro Se Intake Unit (212-805-0175) may be of assistance to *pro se* litigants in connection with court procedures.

There is also a legal clinic in this District to assist people who are parties in civil cases and do not have lawyers. The Clinic is run by a private organization called the New York Legal Assistance Group; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any unrepresented party through the Pro Se Intake Unit). The Clinic is located in the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York, in Room LL22. Appointments may be made by telephone at 212-659-6190.

The Clerk of Court is respectfully directed to close the motion at Dkt. 87, amend the caption to reflect the individual defendant's name as Michael Anthony Farris-Manetta, and update his address of record as: 517 Vernon Avenue, Apt. 4, Venice Beach, California 90291.

The Clerk of Court is also respectfully directed to mail a copy of this Order to defendant Michael Anthony Farris-Manetta at his updated address of record.

Dated: New York, New York
      March 3, 2023

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**